# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SALLY JOANNE MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:18-cv-00088 |
| ) | Chief Judge Crenshaw |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

In this Social Security appeal, Magistrate Judge Wehrman has entered a Report and Recommendation ("R&R") (Doc. No. 18) recommending that Plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 14) be denied. Plaintiff raises three Objections (Doc. No. 19) to the R&R, none of which the Court finds persuasive.

First, Plaintiff complains that she could not have known that the Administrative Law Judge ("ALJ") would not consider Robert Berberich, Ph.D., as a "treating source" because Plaintiff did not see Dr. Berberich on enough occasions. Plaintiff insists that had she known this would be an issue she could have addressed it. Maybe so, but a Social Security claimant has the "burden of establishing the existence of a disability, a burden for which the Commissioner requires 'medical signs and laboratory findings.'" Watters v. Comm'r of Soc. Sec., 530 F. App'x 419, 424 (6th Cir. 2013). The governing regulations detail how "treating source" opinions[1] are to be weighed. Generally they are considered controlling, but when such an opinions is discounted, the ALJ is

---

[1] The treating source rule has been rescinded, see 82 Fed. Reg. 15263-01, 2017 WL 1105348 (Mar. 27, 2017). but was in effect at the time Plaintiff filed for benefits.

required to consider the "length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source – in determining what weight to give the opinion." Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 CFR § 404.1527(d)(2)). It was no more incumbent on the ALJ to explain these regulations prior to ruling, then it would be for a district judge to explain what weight he or she would give to particular facts prior to ruling on a motion for summary judgment.

Second, and relatedly, Plaintiff claims "the ALJ was relying on a factually incorrect determination that Dr. Berberich was not a treating physician because he had only seen her four times when he rendered his opinion," and "[t]he Magistrate's Report and Recommendation never addresse[d] this." (Doc. No. 19 at 3). That is not entirely true. To the contrary, Magistrate Judge Wehrman explicitly stated that the ALJ gave Dr. Berberich opinion little weight because the ALJ believed "that Dr. Berberich . . . had seen Plaintiff just four times prior to the psychiatric evaluation completed on January 12, 2017," when in fact, Plaintiff claimed "that Dr. Berberich had clearly seen and treated her for several months" prior to that evaluation. (Doc. 18 at 9). The problem was (and still is) that records of those supposed visits do not appear in the administrative record, yet "[t]he burden of providing a complete record, defined as evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant." Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 214 (6th Cir.1986); accord, Lancaster v. Comm'r of Soc. Sec., 228 F. App'x 563, 571 (6th Cir. 2007).

Third, and finally, Plaintiff accuses Magistrate Judge Wehrman of utilizing "*post-hoc* reasoning" to affirm the ALJ's credibility determination, even though he "'share[d] Plaintiff's

2

frustration with the ALJ's inconsistency' in near-simultaneously finding support for some of Plaintiff's allegations, while asserting that these same limitations were contradicted in the record. ( (Doc. No. 19 at 4). Whatever frustration Magistrate Judge Wehrman may have had, it was entirely appropriate for him to look further in determining whether substantial evidence supported the ALJ's overall determination. Magistrate Judge Wehrman wrote:

> [T]he undersigned additionally and alternatively finds that substantial evidence supports the weight assigned to Dr. Berberich's opinions. With respect to Dr. Berberich's May 2, 2017 MSS, the ALJ appropriately concluded that the numerous "extreme" and "moderate" limitations contained therein were not supported by treatment notes from other providers, including Centerstone of Tennessee ("Centerstone") and Mental Health Cooperative ("MHC"). (Tr. 45). The Court notes seven documented office visits since the alleged onset date, beginning on January 13, 2016, at which time Plaintiff reported to providers at Centerstone that she was having "good days and bad days" and "coping better with stressors." (Tr. 1027). Despite describing her mood as "really anxious" one year later, Plaintiff demonstrated a linear thought process with a logical flow of thoughts, no hallucinations, delusions, or suicidal ideations, no psychomotor agitation, and a moderate ability for abstract thinking. (Tr. 1492). She reported her mood as stable with no significant anxiety or depression in March of 2017, and thus requested to continue her current medication regimen. (Tr. 1524). Her mood was "the same" in April of 2017, with mostly normal mental exam findings. (Tr. 1522). She stated that she was still experiencing anxiety and "bouts of depression" in August of 2017, but denied mania, mood swings, and excessive irritability, and again exhibited mostly normal findings during a mental status evaluation. (Tr. 1519). Although the records certainly indicate that Plaintiff experienced issues with anxiety and depression, the undersigned cannot conclude that the ALJ erred by finding that these records failed to support the severe restrictions contained in the MSS.

(Doc. No. 18 at 11-12).

While there may be "a fine line between a post-hoc rationalization and a determination as to whether the record evidence raises a substantial question . . . it is proper for the court to evaluate whether the findings and opinions of the mental-health professional that [Plaintiff] contends supports a disability determination raises a substantial question." Smith-Johnson v. Comm'r of Soc. Sec., 579 F. App'x 426, 435 (6th Cir. 2014) Furthermore, "[j]udicial review of the Secretary's findings must

be based on the record as a whole," and [b]oth the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). Magistrate Judge Wehrman did not err in finding that substantial evidence supported the ALJ's conclusion that Plaintiff was not entitled to Disability Insurance Benefits or Supplemental Security Income, and did not rely on improper *post hoc* rationalizations to arrive at that conclusion.

Accordingly,

(1) The R&R (Doc. No. 18) is **ACCEPTED AND APPROVED**;

(2) Plaintiff's Objections to the R&R (Doc. No. 19) are **OVERRULED**; and

(3) Plaintiff Motion for Judgment on the Administrative Record is **DENIED.**

The Clerk of the Court shall enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE